UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Boychuck, Dennis

    Debtor.
_____/

Case No. 09-54226-wsd
Chapter 7
Hon. Walter Shapero

FINGERLE LUMBER CO.,

    Plaintiff,

v.

DENNIS BOYCHUCK,

    Defendant.
_____/

Adv. Pro. No. 09-5477

## OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter came before the Court upon Plaintiff's Motion for Summary Judgment. (Docket No. 11). Defendant filed a Response to the Motion and a hearing was held. (Docket No. 14). Thereafter, the matter was taken under advisement with this Opinion to follow.

### I.

From October 2006 through April 2007, Dennis Boychuck, Inc. purchased building materials and supplies from Fingerle Lumber Co. on credit for a construction project at 3910 Waldenwood Drive. Dennis Boychuck was the 100% shareholder of Dennis Boychuck, Inc. and its principal officer. Amounts due Fingerle were not paid and it commenced suit in Washtenaw County Circuit Court bringing claims for, *inter alia*, violations of the Michigan Builders Trust Fund Act ("MBTFA"). Dennis Boychuck

1

("Boychuck") did not answer the complaint[1], and a default judgment was entered September 10, 2008 against Boychuck for the unpaid principal balance of $32,126.09 plus interest of $7,145.19, costs of $512.00, and attorney fees/collection costs of $15,791.00 owed pursuant the contract between the parties. The total judgment was $55,574.28.

On February 9, 2009, Fingerle received a payment from the Michigan Construction Lien Recovery Fund ("Recovery Fund") in the amount of $34,762.34. This amount encompassed the principal debt of $32,126.09 and 90 days worth of interest as provided for by the statute. *See* MCL § 570.1107(7).

On May 5, 2009, Boychuck filed his chapter 7 petition. On July 20, 2009, Fingerle initiated this adversary proceeding seeking to have the remaining amounts owed on the default judgment excepted from discharge under § 523(a)(4) and (a)(6).

On March 22, 2010, Fingerle filed the instant Motion for Summary Judgment, apparently relying solely on § 523(a)(4). Boychuck responded, arguing that the payment from the Recovery Fund subrogated the Fund to Fingerle's rights, and the Fund, not Fingerle, is the proper plaintiff to this action. Boychuck further argued that any other amounts owing Fingerle are dischargeable as simple contract debts. As of March 18, 2010, with the inclusion of post-petition post-judgment interest, the unpaid balance of the default judgment was $27,348.39.

## II.

Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity..." The MBTFA establishes a fiduciary relationship, and, a failure by the fiduciary to pay funds received to his subcontractors and suppliers is a breach of the fiduciary duty via defalcation. *See Patel v. Shamrock Floorcovering Servs., (In re Patel)*, 565 F.3d 963, 970 (6th Cir. 2009); *In re Johnson*, 691 F.2d 249, 257 (6th Cir. 1982) ("the objective fact that monies paid into the building contract fund were used

---

[1] The named defendants to that suit were: RAVI NIGAM, NIDHI NIGAM, DENNIS BOYCHUCK, INC., a Michigan corporation, DENNIS P. BOYCHUCK, individually, RICHARD A. BURRIS, D/B/A CLASSIC WOOD FLOORS, ALLEN THACKER, D/B/A APPLE CURRENT ELECTRIC, KITCHEN SUPPLIERS, INCORPORATED, a Michigan corporation, ALLSTAR ALARM LLC, A Michigan limited liability company, and MICHIGAN HOMEOWNERS CONSTRUCTION LIEN FUNDS, ANA M. CRUZ-BOYCHUCK, a/k/a ANA M. CRUZ, jointly and severally.

for purposes other than to pay laborers, subcontractors or materialmen first is sufficient to constitute a defalcation under [former Bankruptcy Code] section 17(a)(4) so long as the use was not the result of mere negligence or a mistake of fact; subjective intent to violate a known fiduciary duty or bad faith is irrelevant.").

At the hearing, the parties agreed that only legal issues remain outstanding in this matter. There is apparently no dispute that Boychuck did receive funds for the 3910 Waldenwood Drive project that were not paid out to laborers, subcontractors, or materialmen. The outstanding legal issues are:

(a) Did the payment from Recovery Fund amount to a satisfaction of the debt owed to Plaintiff under applicable subrogation rules?

(b) Does a non-dischargeability finding pursuant to § 523(a)(4) include the interest and costs components of the underlying judgment?

These issues are examined in turn.

(a) Did the payment from Recovery Fund amount to a satisfaction of the debt owed to Plaintiff under applicable subrogation rules?

In Section 205(2), the Construction Lien Act provides that:

> If a payment is made by the department from the fund, the department shall be subrogated to the rights of the person to whom the payment was made, and the department may maintain an action in its own name against the contractor or subcontractor who did not pay the claimant receiving the payment from the fund. Any amount recovered by the department shall be deposited in the state treasury to the credit of the fund.

MCL § 570.1205. Defendant appears to take the position that this section has the effect of subrogating the department to all rights of the claimant, and not just to the extent of payment. Defendant cites no support for this contention.

"It is the general rule in subrogation that the subrogee is to be reimbursed only to the extent of the amounts paid in discharge of the obligation assumed by the subrogee." *Milan v. Kausch*, 194 F.2d 263, 265 (6th Cir. 1952). A fair reading of the statute in light of this general subrogation rule is that, to the extent the Recovery Fund pays out any money, it is subrogated to the rights of the person or entity who was otherwise obligated to make that payment. If only part of what was owed was paid out, either because of a

statutory maximum or for another reason, the remainder of the debt has not thereby been extinguished absent a specific statutory provision or agreement to that effect. The result here is that Fingerle is still owed its debt from Boychuck to the extent that it was not fully reimbursed by the Recovery Fund, and, as such, it is a proper party plaintiff to this action.[2]

As an alternative to the subrogation argument, or perhaps as a compliment thereto, Defendant argues that any amounts still owing to Plaintiff are not part of the MBTFA debt. As discussed below, if a debt itself is nondischargeable, the interest and costs components of that debt are also nondischargeable.

(b) Does a non-dischargeability finding pursuant to § 523(a)(4) include the interest and costs components of the underlying judgment?

Plaintiff argues that the interest and costs components of the underlying judgment are excepted from discharge. In support of this position, it points to this Court's decision in *Michigan Steel Erectors, Inc. v. Crane (In re Crane)*, 154 B.R. 60 (Bankr. E.D. Mich. 1993). The facts of *Crane* were very similar to those of this case, i.e., MBTFA and § 523(a)(4). One difference however is that there does not appear to have been a state court judgment in *Crane*; instead, the parties stipulated that "plaintiff is owed the sum of $ 18,974.50 plus finance charges of 1.5% per month from thirty (30) days after the date of billing." The Court found that the debt was excepted from discharge pursuant to § 523(a)(4) and indicated the finance charges of 1.5% per month were part of the excepted debt. The inclusion of interest in the nondischargeable debt does not appear to have been a central point of argument in that case (which was instead focused on what contractor uses of funds were impermissible), and there was no discussion as to its inclusion. Plaintiff also points to the Sixth Circuit Court of Appeals decision in *Patel, supra,* which affirmed a decision excepting from discharge a MBTFA debt that included an interest component, though it did not specifically discuss the basis for including the interest in the amount excepted from discharge.

Several cases have explicitly discussed the inclusion of interest in the amount excepted from discharge. *See ColeMichael Invs., L.L.C. v. Burke (In re Burke)*, 405 B.R.

---

[2] By the same token, the Recovery Fund would also be a proper party plaintiff to the extent of the amounts it paid out.

626, 652 (Bankr. N.D. Ill. 2009); *Pierce v. Pyritz*, 200 B.R. 203, 206 (N.D. Ill. 1996). In *Pierce*, a § 523(a)(4) case, the District Court held that "since the underlying debt in this case is nondischargeable, [the plaintiff] can recover pre- and post-petition prejudgment interest." The *Pierce* decision looked to the Seventh Circuit's decision in *In re Larson*, 862 F.2d 112, 119 (7th Cir. 1988), which held that under § 523(a)(1)(A), "if the underlying liability is nondischargeable, pre-petition interest is also nondischargeable," and found its analysis applicable to § 523(a)(4).

On the issue of costs, there is substantial precedent for the proposition that "attorneys fees flowing from a nondischargeable debt are also excepted from discharge when such fees were awarded in the judgment giving rise to the nondischargeable debt." *Rowe Oil v. McCoy (In re McCoy)*, 189 B.R. 129, 136 (Bankr. N.D. Ohio 1995); *see also*, *Powers v. Powers (In re Powers)*, 385 B.R. 173, 180 (Bankr. S.D. Ohio 2008); *American Express Travel Related Servs. Co. v. Williams (In re Williams)*, 1996 Bankr. LEXIS 728, 1996 WL 350135, *2 (Bankr. N.D. Ohio 1996) (holding that legal fees awarded as part of a default judgment were nondischargeable when the debtor conceded to the nondischargeability of the principal amount of the judgment); *Freer v. Weinstein (In re Weinstein)*, 173 B.R. 258, 277 (Bankr. E.D.N.Y. 1994) (interpreting the phrase "for any debt . . ." in § 523(a) broadly to include attorney's fees and expenses).

The foregoing review of the relevant case law leads this Court to conclude that if a debt itself is nondischargeable, the interest and costs components of that debt are also nondischargeable.

## III.

The parties here are in agreement as to the fact that there was a violation of the MBTFA. Since the Court has concluded that the costs and interest are part of the non-dischargeable debt, and that subrogation does not bar the Plaintiff from bringing this action for amounts not previously paid out by the Recovery Fund, the Court will award summary judgment in favor of Plaintiff as to the remaining $27,348.39 of its judgment.

The Court will enter an appropriate order.
.

**Signed on August 16, 2010**
                            **____ ___/s/ Walter Shapero_     ____**

Walter Shapero
United States Bankruptcy Judge